liKLIEBERT, Chief Judge.
This appeal concerns the interpretation of a settlement agreement between plaintiff-appellant Edith Chisholm and defendants-ap-pellees Carol and Michael Guzzetti. The dispute arises out of a suit involving an automobile accident between plaintiff, Edith Chisholm, and the defendants, Carol and Michael Guzzetti, which occurred on August 12, 1988. Ms. Chisholm was operating an IVEC bus and in the course of her job when Mrs. Guzzetti suddenly pulled her car into the path of Ms. Chisholm. Suit was filed on July 26,1989. Six weeks later, Allstate Insurance Company, the defendants’ insurer, tendered the policy limits into the registry of the court. A settlement agreement between the parties was confected, contemplating the continuance of trial without date in return for the defendants’ payment to the plaintiff of $5,000.00 in two installments. The settlement contained a penalty provision that required the matter to be set for trial on the merits if payments were not made according to the terms contained therein. The first installment was paid without incident; however, plaintiff allegedly received the second installment one day late. Thereafter, plaintiff returned the payment to defendants and moved to enforce the penalty provision of the settlement by filing a Rule to Show Cause why the court should fenot set the matter for trial on the merits. On hearing, the trial court denied the Rule to Show Cause, refused to set the matter for trial, ordered the defendants to retender the second $2,500.00 installment, and ordered plaintiff, upon receipt thereof, to sign a release of the claim and dismissal of the suit. Defendants timely retendered the second installment; however, plaintiff refused it a second time and also refused to execute the releases and dismissal per order of the trial court. It is from this ruling that plaintiff appeals. For the following reasons, we affirm the judgment of the trial court.
. . „ , „ At issue is the interpretation of the following language of the settlement agreement:
Firstly, the Guzzettis will pay the total sum of $5,000.00. The first payment of $2,500.00 will be due and payable within ten (10) days from the date of this letter. The second payment of $2,500.00 will be due within six (6) months or on or before July 15, 1992.
Plaintiff argues that the word or merely clarifies the time limit for payment, and that July 15, 1992 was the last day upon which payment could be made in accordance with the settlement. The defendants contended that the language was phrased recognizing that the agreement might not be perfected within a day or two, and that the disjunctive phrasing was designed to give the parties a full six months from the date of perfection to fulfill the agreement. Defendants also contend that the agreement was not perfected until the same was signed by plaintiff and returned to defendants’ counsel (January 21, 1992), thus giving them until July 21,1992 to tender the second installment.
The trial court agreed with defendants, and found that the second installment was made timely. We agree.
A settlement agreement is not perfected until it is reduced to writing. LSA-C.C. art. 3071. Additionally, the terms of the settlement itself required the plaintiff to sign and return the agreement to defendants if in agreement therewith. The settlement letter sent to plaintiff was dated January 8, 1992. Plaintiff signed the agreement, which was returned to defendants’ counsel by facsimile on January 21, 1992. The facsimile to the defendants ^contained two documents: a cover letter dated January 17-, 1992, accepting the settlement; and the signed settlement. The facsimile cover sheet from plaintiff’s counsel’s office shows that the facsimile was sent on January 21,1992. In accordance with the terms, defendants sent the second check to plaintiff on July 15,1992, by Federal Express, which was received by plaintiff on July 16, 1992.
*286 We believe that the trial court’s interpretation of the time for payment is reasonable and correct. We note that the original settlement letter was sent by mail on January 8, but was not returned until January 21. We believe it self-evident that the settlement language was phrased to take into account the normal delays which occur when multiple parties who are not present together must sign a contract. We agree with the trial court that the agreement is not ambiguous, and clearly contemplated allowing the defendants an even six-month period from the perfection of the settlement to fulfill its terms. Because the agreement was not perfected until defendants received from plaintiff the signed document, on January 21, the July 16 payment was timely.
Therefore, for the reasons assigned, we affirm the judgment of the trial court. The matter is remanded for enforcement of the settlement agreement. All costs are taxed to plaintiff.

AFFIRMED AND REMANDED.